**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA    *

v.                          *   Magistrate No:
                                1:10-cr-00212-RDB-1
GREGORY WHYTE               *

<u>MOTION TO SUPPRESS EVIDENCE</u>

The Defendant herein, Gregory Whyte, by and through his attorney, Marnitta L. King, hereby moves this Honorable Court to suppress for use against him at trial, any and all evidence seized from 211 Somerset Bay Drive and any and all evidence seized from a dark colored Infinite vehicle bearing Maryland tags 89470CA, on May 13, 2010, pursuant to a search warrant, and all fruits thereof. In support of this motion, undersigned counsel states the following:

I. INTRODUCTION

Gregory Whyte is charged by way of indictment with two counts of conspiracy and one count of attempted possession with intent to distribute a controlled dangerous substance. Counts One and Two were allegedly committed on March 18, 2008. Count Three was allegedly committed on June 2, 2009.

Various items (some yet to be disclosed in discovery) were seize pursuant to a search warrant on March 13, 2010. Undersigned counsel maintains that the all items seized from the residence and vehicle mentioned above a



KING LAW, P.A.

6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
Telephone: (301) 277-2333
Facsimile: (301) 209-0458

should be suppressed for use against him on grounds that probable cause was lacking to believe that evidence of a crime would be found at Somerset Bay Home or in the Infinite.

Although there may have been probable cause to suspect Whyte had been in possession of specified controlled dangerous substances at some time previous to the request for a search warrant, probable cause was lacking to believe that any evidence of a crime would be found *at the places to be searched*, 1808, or the suspected evidence would be found *at the time the search warrant was requested*, on May 13, 2010.

II. ARGUMENT

The search warrant, a copy of which is attached as Exhibit A, was sought on May 13, 2010, and issued that same day by Judge Beth P. Gesner, United States Magistr'ate Judge. The search warrant authorized Special Agent Cooke to enter the 1808 Somerset Bay residence and Infinite Car to search for and seize any "fruits, evidence and instrumentalities of alleged crimes." This warrant was issued after submission of an application and affidavit by Special Agent Cooke a copy of which is attached as Exhibit B.



KING LAW, P.A.

6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
Telephone: (301) 277-2333
Facsimile: (301) 209-0458

The proffered basis for the search warrant was that Whyte was recently indicted under seal for the above referenced drug related charges, and that Whyte was known to drive a particular car and frequent a particular address. For the reasons expressed below, these allegations do not support a finding of probable cause and the issuance of the search warrant. Consequently, all evidence seized pursuant to the search

warrant, along with the fruits thereof, must be suppressed.

**A. The affidavit does not connect the specified criminal activity to the Somerset Bay Residence or Infinite Vehicle.**



KING LAW, P.A.

6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
Telephone: (301) 277-2333
Facsimile: (301) 209-0458

To establish probable cause for a search warrant, "the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found *in the place to be searched*." *United States v. Lalor*, 996 F.2d, 1578, 1582 (4th Cir. 1993) (emphasis added). Residential searches may be upheld only where there is information linking criminal activity to the place to be searched. *Id*. citing *United States v. Williams*, 974 F.2d 480 (4th Cir. 1992); *United States v. Corral*, 970 F.2d 719 (10th Cir.

1992); *United States v. Hawkins*, 788 F.2d 200, *cert. denied*, 479 U.S. 850 (4th Cir. 1986).

In the instant case, there was no evidence whatsoever proffered in Agent Cooke's affidavit showing a connection controlled dangerous substances and the infinite or the Somerset Bay Address.  Of conspicuous absence in the affidavit is mention of any address associated to the 2008 or 2009 indicted offense that would create a causal connection to the Somerset Bay Address of the Infinite Vehicle.  In either of the two conspiracies alleged, there was no discussion of a suspected Infinite Vehicle or Somerset Bay address.  The mere fact that Somerset Bay address may have been used by Whyte is by itself patently insufficient *by itself* to believe that the specified instrumentalities of a crime would probably be found there.



**KING LAW, P.A.**

6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
Telephone: (301) 277-2333
Facsimile: (301) 209-0458

**B. The information in the affidavit was also stale with regard to whether the specified instrumentalities of a crime would probably be found at in the Somerset Bay address or in the Infinite vehicle.**

Probable cause also cannot be based on information that is too old to suggest that the items sought are likely to be found in the place to be searched. *United States v. Snow*, 919 F.2d 1458 (10th Cicr. 1990). If the information is

too old, it is considered stale and probable cause can no longer be found to exist. *Sgro v. United States*, 287 U.S. 206 (1932). As stated in *United States v. Wagner*, 989 F.2d 69, 75 (2nd Cir. 1993): While there is no bright line rule for staleness, the facts in an affidavit supporting a search warrant must be *sufficiently close in time* to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search and not simply as of some time in the past. (Emphasis added.)

In the instant case, two of the conspiracies proffered as a basis for the search warrant occurred in early 2008 and 2009, almost two years before the request for the search warrant was made.

The most recent purchase was in 2009 However, this was still over one year before the request for the search warrant, and standing alone, is patently insufficient to warrant a finding of probable cause without any showing there was reason to believe the suspected instrumentalities of a crime would be found in them.

III. CONCLUSION

For the foregoing reasons, Defendant Whyte respectfully requests this Court to direct that any and all evidence seized from the Somerset Bay address or the



KING LAW, P.A.
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
Telephone: (301) 277-2333
Facsimile: (301) 209-0458

Infinite vehicle, on May 13, 2010, and all fruits thereof be suppressed for use herein against him.

                              Respectfully submitted:

                              _____/s/_____
                              Marnitta L. King, Esq.
                              District Court ID. 15536
                              King Law, P.A.
                              1401 Mercantile Lane
                              Suite 381
                              Largo, MD 20774
                              Counsel for Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR DISCOVERY**

   United States v. Lalor, 996 F.2d, 1578, 1582
   (4th Cir. 1993)

                              _____/s/_____

                              Marnitta L. King



KING LAW, P.A.

6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
Telephone: (301) 277-2333
Facsimile: (301) 209-0458

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 22th day of July, 2010, a copy of the foregoing motion was delivered electronically to the Office of the United States Attorney, 101 W. Lombard Street, Baltimore, Maryland 21201.

                                         _____/s/_____

                                         Marnitta L. King



KING LAW, P.A.

6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
Telephone: (301) 277-2333
Facsimile: (301) 209-0458