IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY WHYTE | * | |
| Petitioner, | * | Criminal No.: RDB-10-0212 |
| v. | * | |
| | | Civil Action No.: RDB-12-1141 |
| UNITED STATES OF AMERICA | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

This Memorandum Opinion addresses three separate motions filed by *pro se* Petitioner Gregory Whtye ("Petitioner"). First, Petitioner has filed a Motion to Vacate, Set Aside, or Correct Sentence ("Motion") pursuant to 28 U.S.C. § 2255 (ECF No. 132). Specifically, Petitioner raises just one claim—that trial counsel acted in violation of her client's Sixth Amendment right to effective assistance of counsel when she failed to present him with a plea offer from the Government. Second, Petitioner moves for summary judgment, construed by this Court as a request for default judgment under Rule 55 of the Federal Rules of Civil Procedure, as a result of the Government's tardy response to his § 2255 Motion (ECF No. 134). Finally, Petitioner moves to strike from the record his previously filed Motion in Dire Effort to Achieve Justice pursuant to Rule 33 of the Federal Rules of Civil Procedure (ECF No. 130).

Because the Petitioner raises an issue of fact regarding whether his trial counsel failed to relate the existence of a plea offer from the government to her client, this Court finds that an evidentiary hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). Accordingly, for

the reasons stated below, this Court reserves judgment on Petitioner's Motion to Vacate, Set Aside, or Reduce Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 132) pending an evidentiary hearing. The Motion for Summary Judgment is DENIED (ECF No. 134). The Motion to Strike is GRANTED (ECF No. 130).

## BACKGROUND

On April 27, 2010, Petitioner Gregory Whyte ("Petitioner") was indicted on three counts of conspiring to distribute cocaine. Indictment 1-3, ECF No. 1. The charges stemmed from an incident on May 29, 2009, when Drug Enforcement Administration agents in Los Angeles intercepted a package containing cocaine being shipped to Baltimore. Pre-Sentencing Report 3. The package was allowed to continue to Baltimore as part of a "controlled delivery" to apprehend the individuals receiving it. *Id.* The individuals who picked up the package were arrested by law enforcement and voluntarily stated that they had been approached earlier that day by two men who asked if they wanted to make some money. *Id.* at 4. They identified one of the men as Whyte. *Id.* Whyte was also identified as the person who shipped $299,570 to EDI Express in California, where a known associate of Whyte attempted to receive it. *Id.* At least two defendants identified Whyte as the leader and organizer of the drug transaction. *Id.* at 5.

On September 21, 2010, a jury found the Petitioner guilty on two counts: conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and attempt to possess with intent to distribute cocaine, as well as aiding and abetting such conduct, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, respectively. *See* J. 1, ECF No. 90. Petitioner was subsequently sentenced to a prison term of 264 months. *Id.* The judgment was

affirmed in a *per curiam* opinion by the United States Court of Appeals for the Fourth Circuit on January 3, 2012. *United States v. Whyte*, 460 F. App'x 236, 238 (4th Cir. 2012).

## STANDARD OF REVIEW

Pursuant to the test laid out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), an ineffective assistance of counsel claim is only successful when a Petitioner can sufficiently demonstrate two factors. Those factors are whether (1) the attorney's performance fell below an objective standard of reasonableness and (2) if Petitioner suffered actual prejudice. As to the first prong, there is a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, actual prejudice is shown if the counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. It requires a showing that, "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

It is well settled that the Sixth Amendment right to counsel applies at the critical stage of plea bargaining. *See, e.g.*, *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Padilla v. Kentucky*, 559 U.S. 356 (2010). "Claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*." *See Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (citing *Hill*, 474 U.S. at 57). The Supreme Court has recently held that defense counsel has a duty to communicate to the defendant formal plea offers from the Government. *Id.* at 1408. Where a plea offer has lapsed or been rejected because of counsel's deficient performance, a *Strickland* ineffective assistance claim may lie if the defendant makes three showings. *Id.* at 1409. First, a defendant "must demonstrate a

reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel. *Id.* Second, the defendant "must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." *Id.* Finally, to prove prejudice, "it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* (citing *Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance.")).

## ANALYSIS

Petitioner has submitted to this Court three motions: a Motion to Vacate, Set Aside, or Reduce Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 132), a Motion for Summary Judgment (ECF No. 134), and a Motion to Strike (ECF No. 130). For the reasons set forth below, judgment on Petitioner's Motion to Vacate (ECF No. 132) is reserved pending an evidentiary hearing. Petitioner's Motion for Summary Judgment is DENIED (ECF No. 134), and his Motion to Strike is GRANTED (ECF No. 130).

1. **Petitioner's Motion to Vacate, Set Aside, or Reduce Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 132)**

Petitioner asserts two claims of ineffective assistance of counsel: first, that trial counsel failed to present the Government's plea offer to Petitioner, and second, that appellate counsel failed to brief trial counsel's ineffective assistance regarding the plea offer when brought to his attention. Although Petitioner includes these allegations in two separate claims, both are dependent upon whether trial counsel did indeed withhold a plea

offer from her client, as Petitioner contends. Mot. to Vacate 4, ECF No. 132. Thus, this Court must determine that fact before considering Petitioner's ineffective assistance of appellate counsel claim.

Both parties agree that an evidentiary hearing is necessary to resolve a genuine issue of material fact as to whether Petitioner's trial counsel failed to inform the Petitioner of a June 23, 2010, plea offer from the Government. Gov. Resp. 6, ECF No. 137. If in fact defense counsel did not communicate the plea offer to Petitioner, then counsel's performance was deficient for Sixth Amendment purposes. *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). Although the Government agrees that an evidentiary hearing is necessary to resolve this issue, this Court briefly addresses why a hearing in this case is appropriate.

The Government states that it presented to defense counsel a written plea offer on June 23, 2010, which by its written terms would expire on June 30, 2010. Gov. Resp. 5, ECF No. 137. Petitioner alleges this plea offer was never communicated to him, and as a result, he was prejudiced. Mot. to Vacate 4, ECF No. 132. Petitioner further alleges that he expressed his desire to plead guilty to his attorney, who told her client and his family that the government's case was very weak and that "no jury in the world [would] convict you." *Id.* at 2-3. The Government, on the other hand, submits an affidavit of Marnitta King, defense counsel for Petitioner, in which she affirms that she did present the offer to Petitioner and he rejected it. Gov. Resp. 1, ECF No. 137-1. Whether Ms. King relayed the plea offer to Petitioner is essential to resolving Petitioner's Motion to Vacate. Accordingly, an evidentiary hearing is necessary to determine whether Petitioner was made aware of the Government's plea offer.

**2. Petitioner's Motion for Summary Judgment (ECF No. 134)**

In connection with his Motion to Vacate, Petitioner also submitted a Motion for Summary Judgment (ECF No. 134). He argues that the Government's failure to file a timely response to Petitioner's Motion to Vacate warrants the entry of summary judgment in favor of the Petitioner under Rule 53 of the Federal Rules of Civil Procedure. *Id.* Petitioner's argument, however, essentially relies on the Government's alleged default, which is governed by Rule 55 of the Federal Rules of Civil Procedure. *Id.* at 2. As it is likely Petitioner meant to assert a Rule 55 argument, this Court will evaluate his claim under that standard.

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "[a] defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). In light of the Fourth Circuit's preference for disposition on the merits, default judgment is not appropriate at this time. Although the Government failed to file its Response (ECF No. 137) to Petitioner's Motion to Vacate (ECF No. 132) in a timely fashion, it did eventually respond. Petitioner has submitted a Reply (ECF No 138), and the Court now has all documents necessary to

rule on Petitioner's Motions. As such, Petitioner has not been prejudiced, and the entry of default judgment is denied so that the claims may be decided on their merits.

### 3. Petitioner's Motion to Strike (ECF No. 130)

Petitioner moves to strike from the record his own Rule 33 Motion in Dire Effort to Achieve Justice (ECF No. 121). Mot. to Strike 1, ECF 130. Petitioner notes that he now recognizes the motion is without merit, as it was "prepared by a fellow inmate who was unskilled in the area of law." *Id.* Because there is no opposition from the Government to Petitioner's desire to withdraw the Rule 33 Motion (ECF No. 121), it is accordingly struck from the record.

### **CONCLUSION**

For the foregoing reasons, judgment is reserved on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 132) pending an evidentiary hearing on whether Petitioner's trial counsel failed to communicate to Petitioner the existence and details of a plea offer from the Government. Petitioner's Motion for Summary Judgment is DENIED (ECF No. 134). Petitioner's Motion to Strike from the Record Docket Data Entry No. 121 is GRANTED (ECF No. 130).

A separate order follows.

Dated:     April 16, 2013

                                        /s/
                                        
                                        Richard D. Bennett
                                        United States District Judge