IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY A. WHYTE, | * | |
| Petitioner, | * | Criminal No. RDB-10-0212 |
| v. | * | Civil Action No. RDB-17-0414 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On September 21, 2010, a jury convicted Petitioner Gregory Whyte ("Petitioner" or "Whyte") of one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and one count of attempt to possess with intent to distribute cocaine, as well as aiding and abetting such conduct, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, respectively. (ECF No. 90.) On January 31, 2011, this Court sentenced Whyte to two hundred and sixty-four (264) months of imprisonment. (*Id.*) Whyte subsequently filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, claiming his counsel was ineffective for failing to communicate the Government's offer of a plea bargain. (ECF No. 159.) This Court granted the motion, and on April 1, 2014 re-sentenced Whyte to a prison term of one hundred and fifty-one (151) months and entered an amended judgment dismissing the count of attempting to possess with intent to distribute cocaine, and aiding and abetting such conduct. (ECF Nos. 163, 165.)

Presently before this Court is Petitioner's second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 196), and Government's Motion to Dismiss Petitioners Motion for Post-Conviction Relief (ECF No. 198). For the following reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 196) is DENIED; and Government's Motion to Dismiss Petitioners Motion for Post-Conviction Relief (ECF No. 198) is GRANTED.

## BACKGROUND

The facts of this case were detailed at length in this Court's April 19, 2013 Memorandum Opinion, *Whyte v. United States*, RDB-12-1141, 2013 WL 1721736 (D. Md. Apr. 19, 2013), and are briefly summarized herein. On April 27, 2010, Petitioner Whyte was indicted on three counts of conspiring to distribute cocaine. (ECF No. 1.) The charges stemmed from an incident in May of 2009, when Drug Enforcement Administration agents in Los Angeles intercepted a large shipment of cocaine that was to be sent to Baltimore, Maryland. (Presentence Report at 3.) Whyte was subsequently identified as the leader and organizer of the transaction. (*Id.* at 5.)

On September 21, 2010, a jury found Whyte guilty on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and one count of attempt to possess with intent to distribute cocaine, as well as aiding and abetting such conduct, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, respectively. (ECF No. 90.) Subsequently, on January 31, 2011, this Court sentenced Whyte to a prison term of 264 months. (*Id.*) On appeal to the United States Court of Appeals for the Fourth Circuit, the

court affirmed Whyte's convictions. *United States v. Whyte*, No. 11–4187, 460 Fed. App'x 236, 238 (4th Cir. Jan. 3, 2012).

On April 13, 2012, Whyte filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging that trial counsel was ineffective for failing to communicate the Government's offer of a plea bargain.[1] (ECF No. 132.) This Court subsequently granted the motion, explaining that "[i]n light of the complete absence in Trial Counsel's file of any evidence even hinting that the plea offer was relayed to Petitioner, this Court concludes that Trial Counsel's performance was deficient." *Whyte v. United States*, RDB-12-1141, 2014 WL 279688, at *6 (D. Md. Jan. 24, 2014). Accordingly, this Court vacated Whyte's sentence and mandated that re-sentencing be conducted in accordance with the terms of the plea bargain. (*Id.*) On April 1, 2014, this Court re-sentenced Whyte to a prison term of 151 months and entered an amended judgment dismissing the count of attempting to possess with intent to distribute cocaine, and aiding and abetting such conduct. (ECF No. 163.) At re-sentencing, this Court "essentially" used the same presentence report as the one used during Whyte's initial sentencing.[2] (ECF No. 172 at 9.) Additionally, Whyte acknowledged that he had seen this presentence report before during his original sentencing. (*Id.*)

Approximately two months later, on May 30, 2014, the Government filed a notice of appeal as to the amended judgment. (ECF No. 168.) However, the Government subsequently filed an unopposed motion to withdraw its appeal. (ECF No. 174.)

---

[1] The offer stipulated a sentence of ten (10) years, which would have allowed Petitioner to avoid the enhanced mandatory minimum sentence of twenty (20) years under 21 U.S.C. § 851 due to Petitioner's previous felony drug convictions. (ECF No. 159.)

[2] The record reflects that the same presentence report was used during re-sentencing, with notes indicating the terms that had changed.

Accordingly, the appeal was dismissed on October 8, 2014.[3] (*Id.*) On January 27, 2015, Whyte filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which was denied by this Court on December 20, 2016.[4] (ECF Nos. 181, 192.)

On February 23, 2017, Whyte filed the present Motion to Vacate under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (ECF Nos. 196, 200.) Approximately two months later, on April 24, 2017, the Government filed a Motion to Dismiss Whyte's § 2255 Motion. (ECF No. 198.) Finally, on May 26, 2017, Whyte filed a supplemental memorandum is support of his § 2255 motion. (ECF No. 200.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424 (1962) (citing 28 U.S.C. § 2255). Further, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a

---

[3] The Fourth Circuit's order dismissing the Government's appeal was filed on October 7, 2014 and entered on October 8, 2014. (ECF No. 174.)
[4] In support of his § 3582(c)(2) motion, Whyte argued that his sentence should be reduced because of the retroactive application of Amendment 782 to the United States Sentencing Guidelines. (ECF No. 195.) On July 8, 2014, the United States Sentencing Commission voted to make Amendment 782 retroactively applicable to previously sentenced petitioners, pursuant to 28 U.S.C. § 994(u). (*Id.*) However, because Whyte was given the benefit of Amendment 782 during his re-sentencing, this Court denied his § 3582(c)(2) motion. (*Id.*)

fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

## ANALYSIS

The sole claim in Whyte's present § 2255 motion is that his counsel at re-sentencing was ineffective for "fail[ing] to object to this Court's mistaken inclusion of the U.S.S.G. Manual § 3B1.1(c) leadership enhancement in [his] sentencing guidelines range calculation." (ECF No. 200 at 1.) Section 3B1.1(c) of the Federal Sentencing Guidelines provides that "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." U.S.S.G. 3B1.1. In general, (a) and (b) provide for offense level increases based on a defendant's leadership role for "criminal activity that involved five or more participants or [that] was otherwise extensive." *Id.* For the following reasons, Whyte's claim is untimely, not subject to equitable tolling, and without merit.

I. **Petitioner's Motion is Untimely**

  **A. Petitioner Did Not File His Motion Within the One-year Statute of Limitations**

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

*Id.*

The Government avers that the one-year limitations period started to run on the date Whyte's judgment of conviction became final. (ECF No. 198 at 9.) Finality for the purpose of 28 U.S.C. § 2255(f)(1) attaches when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). Because the Government filed a notice of appeal, Whyte's conviction became final fourteen days after the notice of appeal, which was filed on May 30, 2014.[5] *See* Fed. R. App. P. 4(b)(1)(A) (providing fourteen days to file an appeal). Under the facts presented, Whyte's limitations period started to run on or around June 13, 2014, and expired one year later on June 13, 2015.[6] When Whyte filed the present § 2255 motion on February, 23, 2017, approximately twenty months had already elapsed since the expiration of the one-year limitations period. Whyte counters with two arguments in support of his position that this Court should consider his Motion as timely filed.

First, Whyte claims that this Court should construe his present § 2255 motion as constructively filed on January 27, 2015, the day that he filed his § 3582(c)(2) motion. (ECF

---

[5] The Government claims that Whyte's conviction became final on April 15, 2014, or fourteen days after entry of judgment, citing that Fed. R. App. P. 4(b)(1)(A) "requir[es] defendant[s] to file an appeal within fourteen days of judgment." (ECF No. 198 at 9.) However, in its entirety, Fed. R. App. P. 4(b)(1)(A) provides that "a defendant's notice of appeal must be filed in the district court within 14 days after the **later** of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

[6] Even if this Court were to liberally consider an extension of Whyte's date of finality because the Government filed a notice of appeal, Whyte's § 2255 motion would still be untimely. *See United States v. Dorsey*, 988 F. Supp. 917, 919 (D. Md. 1998) ("judgment of conviction becomes 'final,' for purposes of a 2255 motion, on the date that a petitioner can no longer pursue direct appeal"). To demonstrate, the Government's appeal was dismissed by the Fourth Circuit on October 8, 2014. (ECF No. 175.) Accordingly, the conviction became final on or around January 6, 2015, or 90 days after the Fourth Circuit entered judgment. *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). The one-year limitations period would end one year after that date or on or around January 6, 2016. Whyte filed the present § 2255 motion on February 23, 2017, well after the expiration of the one-year limitations period ended on or around January 6, 2016.

6

Nos. 196-1 at 3; 200 at 11-12.) In support, he argues that (1) he would have filed the present § 2255 motion in place of his earlier § 3582(c)(2) motion if he had known certain facts, and (2) the § 2255 motion and § 3582(c) motion essentially argue the same thing, which is that his offense level calculation is two-levels too high. (*Id.*) First, the arguments presented in the two motions are distinct from one another given that his § 3582(c)(2) motion concerned Amendment 782 to the United States Sentencing Guidelines. Second, as discussed below, Whyte had knowledge of relevant facts necessary to file the instant §2255 motion.

Second, Whyte argues that the one-year limitations period began to run when the facts supporting his § 2255 motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(4). Section 2255(f)(4) "resets the limitations period's beginning date, moving it from the time when the conviction became final, to the later date on which the particular claim accrued." *Id.* (internal citation omitted). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)).

Whyte asserts that he did not discover the facts giving rise to his § 2255 motion until "early 2016 or the [s]pring thereof." (ECF No. 200 at 14.) Specifically, he contends that he did not know "that this Court had imposed the § 3B1.1 enhancement" until he filed "his Title 18 U.S.C.[A]. § 3582(c)(2) Motion, and . . . the Office of the Federal Public Defender ("OFPD") provided him with a copy of his sentencing transcripts." (*Id.* at 13; ECF No. 196-1 at 2.) However, Whyte was present during his re-sentencing, when the U.S.S.G. § 3B1.1(c) enhancement was discussed and imposed. (ECF No. 172.) While this enhancement was not

7

actually referred to as a "§ 3B1.1(c)" enhancement during the re-sentencing, this Court confirmed that Whyte had "previously seen the presentence report" and reviewed it with counsel.[7] (ECF No. 172 at 9.) The presentence report then stated that Whyte "was an organizer/leader during the commission of the instant offense of conviction [and] . . . . [p]ursuant to U.S.S.G. § 3B1.1(c), the offense level is increased two levels." (Presentence Report at ¶ 21.) Moreover, Whyte was also aware that this enhancement was imposed during his original sentencing in 2011. Accordingly, Whyte may not rely on 28 U.S.C. § 2255(f)(4) to set the date for running the one-year limitations period because already he had knowledge of the facts supporting his claim. Therefore, Petitioner's Motion is untimely.

### B. Equitable Tolling is Not Justified

Since Whyte's § 2255 motion was untimely filed, it must be dismissed unless principles of equitable tolling apply. *See Holland v. Florida*, 560 U.S. 631, 649–54 (2010); *Rouse v. Lee*, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). To be entitled to equitable tolling, the petitioner must show (1) that he has acted with "reasonable diligence" in pursuing his rights, and (2) that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649; *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted").

Unless the circumstances are "extraordinary," a claim alleging ineffective assistance of counsel will not typically justify the principles of equitable tolling. *Holland*, 560 U.S. at 652; *Harris v. Hutchinson*, 209 F.3d 325, 328, 331 (4th Cir. 2000) (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for

---

[7] When imposing the enhancement, this Court referenced paragraph twenty-one of the presentence report. (ECF No. 172 at 38.)

filing his habeas petition). A petitioner's lack of familiarity with the law also is not generally considered an extraordinary circumstance warranting equitable tolling. *See United States v. Sosa*, 364 F.3d 507. 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255).

Whyte generally argues that he is entitled to equitable tolling because the private counsel who represented him at re-sentencing was going to charge him to review documents and determine whether "his [offense level] was two levels too high." (ECF No. 200 at 16.) Specifically, Whyte claims that "when he complained [to re-sentencing counsel] that the Court had failed to provide him with the [Amendment] 782 reduction, she should have consulted her notes and informed Mr. Whyte (free of charge) that the Court had [added a leadership enhancement pursuant to § 3B1.1(c).]" (*Id.* at 16-17.) Accordingly, Whyte claims that while he tried to obtain his transcripts from the Office of the Clerk, he could not afford them so he reviewed the judgment and incorrectly filed the § 3582(c)(2) motion instead of the present § 2255 motion. (*Id.* at 17-18.)

As discussed *infra*, Whyte was present at his re-sentencing and reviewed the presentence report. Therefore, Whyte was on notice of the leadership enhancement even if he did not have transcripts from re-sentencing. Moreover, the transcript of Petitioner's re-sentencing was in fact filed on January 17, 2014, over a year before the limitations period expired on June 13, 2015. Accordingly, the circumstances do not justify equitable tolling of the limitations period, Petitioner's Motion is untimely, and the Government's Motion to Dismiss Petitioners Motion for Post-Conviction Relief (ECF No. 198) is GRANTED.

## II. Petitioner's Motion is Meritless

Even if Whyte's Motion was timely, his Motion is meritless. To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984); *see also United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2013) (holding that "[t]he defendant bears the burden of proof as to both prongs of the standard"). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

Whyte claims that "[c]ounsel's performance clearly fell below an objective standard of reasonableness when counsel failed to object to this Court's obvious erroneous inclusion of the § 3B1.1(c)'s leadership enhancement." (ECF No. 196-1 at 14.) Whyte asserts that the leadership enhancement was not in the terms of the plea bargain, and accordingly this Court erred by re-sentencing him in accordance with the enhancement. (*Id.*) However, the plea agreement states that:

> The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

(ECF No. 196-3 at ¶5.)

First, Whyte's counsel did object to the application of the leadership enhancement during his original sentencing. (ECF No. 115 at 21 (This Court "not[ing] the objections which have been raised, particularly in terms of the matter of leadership role . . ..").) In response, this Court noted that witnesses at Whyte's trial had testified that Whyte was in fact the organizer or leader of the offense. (*Id.* at 28.) Subsequently at Whyte's re-sentencing, his counsel reasonably decided to "not disput[e] the leadership role" because of the facts found during the initial trial. (ECF No. 172 at 28.) Accordingly, this Court did not erroneously impose the leadership enhancement, and at re-sentencing there was no objection that counsel was required to make. Therefore, even if Petitioner's Motion was timely, his ineffective assistance of counsel claim is without merit. Accordingly, Whyte's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 124) is DENIED and the Government's Motion to Dismiss Petitioners Motion for Post-Conviction Relief (ECF No. 198) is GRANTED.

## **CONCLUSION**

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 196) is DENIED; and Government's Motion to Dismiss Petitioners Motion for Post-Conviction Relief (ECF No. 198) is GRANTED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Whyte's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: April 19, 2018

                                                                 /s/ Richard D. Bennett
                                                                 Richard D. Bennett
                                                                 United States District Judge